OPINION OF THE COURT
John H. Pennock, J.
Plaintiff, Board of Education of Freeport Union Free School District, has moved at Special Term for summary judgment declaring the right and remedies of the parties hereto and specifically declaring that such instructional supplies as are reasonably related to a recognized part of a public elementary or secondary school curriculum are a proper charge as an ordinary contingent expense pursuant to the provisions of section 2023 of the Education Law; that the defendant Commissioner of Education has the power and authority to determine which of said students instructional supplies are reasonably related to a recognized part of such school curriculum; that subdivision 5 of section 701 of the Education Law does not apply to school boards or school districts operating under an austerity contingency budget pursuant to section 2023 of *45 the Education Law; that no school child might be charged nor parent billed for such instructional supplies as are reasonably related to a recognized part of such school curriculum.
The respondent Commissioner of Education takes the position that plaintiffs’ motion for summary judgment is premature, in that the plaintiffs are using what the respondents claim is a May 1, 1976 informational bulletin from the Division of Educational Management Services. They say this bulletin is not in the least binding upon the Commissioner of Education; in fact they claim the commissioner has not taken any position on this matter and, therefore, a controversy does not exist. That since there has not been an appeal to the commissioner informally or formally the proceedings are premature and should be dismissed.
The document referred to as a mere bulletin, is a 16-page directive from the office of the Assistant Commissioner of Educational Finance and Management Services and it is entitled, "Board of Education Responsibility for the Determination of Ordinary Contingent Expenses”. It is a detailed directive giving almost minute instructions to be followed by those school boards operating under austerity contingency budgets, as to what are ordinary contingent expenses. For the respondent to say now that the Commissioner of Education has no knowledge of this document, or if he has knowledge of it he is not responsible for it, and that he does not have any opinion on it nor should he take any position on it until he is directly or specifically asked pursuant to section 2024 of the Education Law, is unreasonable. One might ask what good purpose is served by disseminating such a detailed directive. To hold otherwise would be a blatant disregard for the rights of the ones most adversely affected by this posture, namely, the children, and in particular, the children from the poorest families and those on welfare. If the commissioner did not know about this document he should have known and he should have taken a position on a matter of such importance and made that position known so school boards and districts would know what direction to take. It should be noted that the Legislature has placed few limitations upon the use of declaratory judgment and the whole objective of declaratory judgment is to obtain relief from just such uncertainty and doubt. Respondents’ request for dismissal denied.
The plaintiff adopted, pursuant to section 2023 of the Education Law, an austerity contingency budget because on three *46 occasions the majority of the voters rejected the proposed school budget. The question raised is what constitutes ordinary contingent expenses. Respondent by its bulletin circularized through all State school districts and called "Board of Education Responsibility for the Determination of Ordinary Contingent Expenses” takes the position that instructional supplies for the use of pupils are to be excluded from ordinary contingent expenses and must be paid for by the parents or the pupils cannot have them. Under the guidelines set up by the commissioner it is recommended that the school board buy them and bill the parents for the their pro-rated share. For one of the petitioners, Rodriguez, a parent of five children attending the Freeport Public Schools, said bill was $107. The Board of Education under these guidelines may not purchase such items as typewriter, ribbons for the typewriters used in typing classes, typewriter paper, lumber and nails for the woodworking shops, flash cards, colored chalk, etc. It is difficult to see how any class could be conducted without these necessary supplies and in classes where some of the pupils have the instructional supplies and some do not the situation could be chaotic. With those pupils who do not have any of the needed supplies they would gain little, if anything, from such classes.
 The respondent relies heavily, it would seem, on subdivision 5 of section 701 of the Education Law which gives permission to several school boards and school districts throughout the State to purchase supplies and either rent, sell or loan the same to pupils attending the public schools in such districts and schools, etc. The legislative policy behind this section was to increase the educational opportunities so that more of the talent of our Nation may be better educated in the fields of science, mathematics, foreign languages, etc., because the welfare and the security of the Nation demands the fullest development of the mental resources and skills of its youth. Respondent’s guidelines would be an almost complete negation of this legislative purpose. This ruling carried to its inevitable conclusion would be to hinder and limit severely the educational opportunity of the pupils involved rather than expand it. And as usual it seems those children who could afford it the least would be hurt the most, namely, the poor and the destitute, to them this ruling would be devastating taking away perhaps their only chance to rise above their present environment. It is, therefore, the opinion of the court that this section cannot be used collaterally or in *47 conjuction with section 2023 of the Education Law so as to exclude from ordinary contingent expenses all students’ instructional supplies. There is ample protection for any taxpayer feeling aggrieved by the action of his school board in such a matter, to move under section 2024 of the Education Law.
Section 1 of article XI of the New York State Constitution states that the Legislature shall provide for the maintenance and support of a system of free common schools wherein all the children of this State may be educated. This is a direct and simple paragraph which does not lend itself to different interpretations; free, and for all the children are the key words and they are completely unambiguous. The fees involved here are $13 per pupil for elementary and $27 for secondary schools, reasonable amounts by any standard, but the question is does section 1 of article XI admit the charge of any fee and as the supporting papers show the fees in other districts are much more substantial and if the door is opened for $13 this year, what may be excluded from next year’s budget and charged to the parents. While these charges may seem reasonable to most of us to the poor any charge may be too much and so their children must do without. In most of the schools and grades then you have two classes of students, those whose parents pay the charge being treated differently from the children whose parents do not pay the charge, and this differentiation is solely economic and a denial of equal protection of the laws. (See Houston v Prosser, 361 F Supp 295.)
 Therefore, it is the opinion of this court that respondent’s interpretation of section 2023 of the Education Law as manifested by the above-mentioned bulletin and the "Formal Opinion of Counsel No. 213” (7 Ed Dept Rep 153) is violative of the equal protection clause of the United States Constitution and of section 1 of article XI of the New York State Constitution. The court further decides that students’ instructional supplies as are reasonably related to a recognized part of a public elementary or secondary school curriculum are a proper charge as an ordinary contingent expense pursuant to the provisions of section 2023 of the Education Law. All other questions and motions raised in this consolidated action become academic and are not decided in this decision.
Motion granted.